## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTOINETTE PATRICK** and **CHARLES NOLAN PATRICK**, <br> 2045 N LAWRENCE ST <br> PHILADELPHIA, PA 19122 <br><br> Plaintiffs, <br><br> v. <br><br> **NAVY FEDERAL CREDIT UNION**, <br> A federally chartered credit union (a body corporate) with principal place of business at 820 Follin Lane SE, Vienna, VA 22180-4907, (Additional mailing: P.O. Box 3000, Merrifield, VA 22119-3000), <br><br> Defendant. | CIVIL ACTION <br><br> Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

### INTRODUCTION

1. This case arises from Defendant Navy Federal Credit Union's ("Navy Federal") **ongoing restriction/freeze** on Plaintiffs' savings account(s), which has blocked access to monthly **Social Security and pension deposits** since approximately **July 1, 2025**.

2. Despite Plaintiffs' repeated **in-person** and **written** efforts to verify identity, Navy Federal has not lifted the restriction and instead sent a **July 22, 2025** email citing the "unsatisfactory manner" in which Plaintiffs "maintained [their] previous account(s)," without identifying what identity element remained unverified or how to cure it.

3. Plaintiffs seek **(a)** a declaration of rights under the deposit/membership agreement, **(b)** a preliminary and permanent injunction restoring access to funds (or directing Navy Federal to promptly complete verification with specific, reasonable steps), and **(c)** damages for consequential losses.

### PARTIES

4. Plaintiffs **Charles Nolan Patrick** and **Antoinette Patrick** are natural persons domiciled in Pennsylvania.

5. Defendant **Navy Federal Credit Union** is chartered under the **Federal Credit Union Act**; upon approval of its organization certificate, a federal credit union "**shall be a body corporate.**" 12 U.S.C. § 1754. Courts have recognized federal credit unions as corporations and, for diversity, have treated Navy Federal as a **citizen of Virginia** where it has its principal place of business.

**JURISDICTION AND VENUE**

6. This Court has **diversity jurisdiction** under 28 U.S.C. § 1332(a): Plaintiffs are citizens of **Pennsylvania**; Defendant is a citizen of **Virginia** because it is a federally chartered **corporation** and a citizen of the State where it has its principal place of business (**Virginia**). See **Navy Federal Credit Union v. LTD Financial Servs., LP**, 972 F.3d 344, 350–52 (4th Cir. 2020) (holding Navy Federal is a corporation and a citizen of Virginia for § 1332(c)(1)).

7. The **amount in controversy** exceeds **$75,000**, exclusive of interest and costs, considering (a) the cumulative and ongoing loss of access to monthly Social Security and pension benefits since July 2025 and prospectively absent injunctive relief, and (b) consequential damages from returned/late payments, fees, and related harms. In determining injunctive value, courts measure the value of the right to be protected; here, the object is access to Plaintiffs' monthly benefits and savings. See, e.g., **Pierson v. Source Perrier, S.A.**, 848 F. Supp. 1186, 1188–89 (E.D. Pa. 1994).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions occurred here and Plaintiffs reside here.

**FACTS**

9. Plaintiffs maintain a Navy Federal savings account (number ending **[5972]**) into which federal **Social Security benefits** and **pensions** are deposited monthly.

10. **Restriction noticed:** On or about **June 18, 2025**, Plaintiffs first discovered a restriction/freeze on the account(s).

11. **Appeals/verification efforts:**

- **June 19, 2025:** First appeal submitted (copy attached as **Exhibit A**).
- **June 25, 2025:** Second written appeal submitted (copy attached as **Exhibit B**).
- **July 3, 2025:** In-branch appeal/visit; Plaintiffs presented identity documents; no copy available (**Exhibit C placeholder**).

- **August 8, 2025:** Additional in-branch appeal/visit with documents (copy/receipt attached as **Exhibit D**).

- **September 9, 2025:** Further written appeal (copy attached as **Exhibit E**). To Plaintiffs' knowledge, some written appeals might not have had photo ID attached; however, **in-person** branch visits included **government ID** and foundational documents.

12. **Navy Federal's response:** On **July 22, 2025**, Navy Federal emailed Plaintiffs:

"Dear Member:
This letter concerns your request for the restriction to be lifted from your account(s). We have carefully reviewed the information you provided. In view of the unsatisfactory manner in which you maintained your previous account(s), we are unable to remove the restriction at this time.
… Fraud Operations, Navy Federal Credit Union."
(Attached as **Exhibit F**.)

13. Since approximately **July 1, 2025**, the following **monthly** deposits have been **inaccessible** due to the restriction:

- **$2,436.00** Social Security for **Charles Nolan Patrick;**

- **$1,789.00** Social Security for **Antoinette Patrick;**

- **$706.43** pension for **Charles Nolan Patrick;**

- **$492.58** pension for **Antoinette Patrick**.
(Proofs/benefit statements attached as **Exhibit G**.)

    - **Beginning in or about August 2025, Mr. Patrick's Social Security deposit ($2,436.00/month) was switched to a different institution** due to the Navy Federal block; those funds have been accessible elsewhere since that change. However, the **other monthly deposits—$1,789.00** Social Security for **Ms. Patrick**, **$706.43** pension for **Mr. Patrick**, and **$492.58** pension for **Ms. Patrick—have remained inaccessible at Navy Federal** each month while the restriction persists. (Updated proofs attached with **Exhibit G**.)

14. Plaintiffs repeatedly requested that Navy Federal identify **what specific identity element** remained unverified and **what exact step(s)** were required; no concrete path to resolution was provided.

15. The restriction has caused concrete loss, including inability to access funds for ordinary living expenses, return/late fees, and cascading financial harm.

16. Plaintiffs have satisfied all conditions precedent, or they have been waived or are futile.

## COUNT I — BREACH OF CONTRACT (Deposit/Membership Agreement)

17. Plaintiffs incorporate ¶¶1–16.

18. Plaintiffs and Navy Federal entered a valid deposit/membership agreement. Plaintiffs deposited funds and arranged direct deposits, and Navy Federal agreed to hold and make funds available subject to lawful, reasonable restrictions.

19. By maintaining an **indefinite** freeze after multiple good-faith identity presentations (including **in-person** presentations of government ID and foundational documents), and by failing to timely articulate the specific deficiency and a reasonable cure, Navy Federal breached the agreement.

20. Plaintiffs suffered damages.

## COUNT II — BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

21. Plaintiffs incorporate ¶¶1–20.

22. Navy Federal frustrated Plaintiffs' contractual rights by **(a)** imposing an open-ended restriction unsupported by transparent, reasonable criteria; **(b)** providing inconsistent rationales (identity vs. "unsatisfactory manner of previous accounts") without a cure path; and **(c)** delaying resolution despite repeated submissions.

23. Plaintiffs suffered damages.

## COUNT III — CONVERSION (Pled in the Alternative)

24. Plaintiffs incorporate ¶¶1–23.

25. Navy Federal wrongfully exercised dominion and control over Plaintiffs' funds by continuing the freeze without a reasonable basis after Plaintiffs provided multiple identity proofs, thereby interfering with Plaintiffs' immediate possessory rights.

26. Plaintiffs suffered damages.

## COUNT IV — UNJUST ENRICHMENT (Pled in the Alternative)

27. Plaintiffs incorporate ¶¶1–26.

28. Absent contractual justification for an indefinite freeze, Navy Federal retained a benefit (control over funds, potential fee income) under circumstances that make retention unjust; equity requires restitution.

**COUNT V — DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

29. Plaintiffs incorporate ¶¶1–28.

30. An actual controversy exists regarding rights and obligations surrounding identity verification and account access.

31. Plaintiffs seek a declaration that: **(a)** Plaintiffs have provided sufficient documentation for Navy Federal to form a **reasonable belief** of true identity; or **(b)** Navy Federal must promptly specify in writing any discrete, **risk-based** item(s) reasonably necessary to complete verification and, upon receipt, promptly lift the restriction. (For context: financial institutions must maintain a **Customer Identification Program** with **risk-based** procedures to reach a **reasonable belief** of identity; if unable to do so, their CIP must specify how to proceed. 31 C.F.R. § 1020.220.)

**PRAYER FOR RELIEF**

Plaintiffs request that the Court enter judgment in their favor and against Navy Federal as follows:
A. **Declaratory relief** consistent with Count V;
B. A **preliminary and permanent injunction** ordering Navy Federal to **(i)** lift the restriction and restore normal access to Plaintiffs' savings account(s); **or (ii)** within **10 days**, identify in writing any specific, reasonable step(s)/document(s) required to complete identity verification and, upon receipt, promptly remove the restriction;
C. **Compensatory and consequential damages** in an amount to be proven at trial;
D. **Restitution/disgorgement** on the alternative equitable claim(s);
E. **Pre- and post-judgment interest** as allowed by law;
F. **Costs** and such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all triable issues.

Date: October 1st 2025

Respectfully submitted,
/s/ Antoinette Patrick
/s/ Charles Nolan Patrick

**Antoinette Patrick** (pro se)
2045 N LAWRENCE ST
PHILADELPHIA, PA 19122

215-778-0783

tonipatrick@verizon.net

**Charles Nolan Patrick** (pro se)
2045 N LAWRENCE ST
PHILADELPHIA, PA 19122
215-778-0782

aandcenvir.services@verizon.net

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANTOINETTE PATRICK
CHARLES NOLAN PATRICK

**DEFENDANTS**
NAVY FEDERAL CREDIT UNION

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **FAIRFAX**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
|  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**28 U.S.C. § 1332**

Brief description of cause:
Diversity, breach of contract and related claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
65,088.12

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 10/01/2025

SIGNATURE OF ATTORNEY OF RECORD
PRO SE — *AP*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Philadelphia PA_

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☒ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.